■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SAMARATI, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered October 30, 1975, upon a verdict convicting defendant of the crime of possession of weapons and dangerous instruments and appliances. Defendant was found guilty, after trial, of the crime of possession of weapons and dangerous instruments and appliances in violation of former subdivision 2 of section 265.05 of the Penal Law (now Penal Law, § 265.02, subd [4]). The testimony established that during the early morning hours of June 9, 1974, following an altercation at a drink and dance establishment in Woodstock, New York, defendant momentarily brandished a handgun on the street outside the cafe and then fled. A prosecution witness, an off-duty employee of the New York City Housing Police, testified that, having left the cafe prior to the altercation, he was standing in front of a local motel when defendant ran up to him and attempted to hand him the pistol. Upon the refusal of the witness to accept the weapon, defendant

allegedly threw it into the bushes from which it was retrieved by the off-duty officer. The town constable testified that when he was handed the pistol at the scene, it had a bullet in each chamber. A firearms expert from the State police laboratory testified that he had test-fired the handgun and found it to be operable. Another prosecution witness testified that he had test-fired one of the bullets and found it to be a live round. Defendant's primary contention on this appeal is that the People failed to prove beyond a reasonable doubt every element of the offense, as required by CPL 70.20, in that they did not demonstrate that the ammunition with which the handgun was loaded could have been used to fire the gun. We find this claim to be without merit. The trial evidence established that the gun was operable (cf. *People v Donaldson,* 49 AD2d 1004; *People v Grillo,* 15 AD2d 502, affd 11 NY2d 841), that the cartridges in question were capable of being chambered in the gun and that they ·were live rounds. This proof was entirely adequate to meet the requirements of former subdivision 2 of section 265.05 of the Penal Law. Defendant's remaining arguments, based upon the alleged inadequacy of the charge and upon the manner in which the ammunition was tested, essentially repeat the claims which form the basis of his first argument and do not warrant further discussion. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.