OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reducing the convictions for attempted aggravated assault upon a peace officer, burglary in the first degree and criminal use of a firearm in the first degree to attempted assault in the second degree, burglary in the second degree and criminal possession of a weapon in the fourth degree, and by remitting the case to Che-mung County Court for resentencing and, as so modified, affirmed.
The People failed to establish that the gun found at the scene was a "deadly weapon” (Penal Law § 10.00 [12]) — that is, both operable and loaded with live ammunition — a necessary element for attempted aggravated assault upon a peace officer (Penal Law § 110.00; and former § 120.11), burglary in the first degree (Penal Law § 140.30 [1]) and criminal use of a firearm in the first degree (Penal Law § 265.09 [1]), the crimes of which defendant was convicted. None of the four bullets found in the gun was test-fired to establish that it was live. Neither police officer who examined the gun and ammunition, testifying for the People, conducted tests to determine whether the ammunition itself was live, or explained why the ammunition was not or could not have been test-fired. That defendant may have before the burglary fired one round does not itself establish that the four remaining bullets in the gun were live, particularly where his attempt to fire again immediately failed, and where the gun failed to fire four times when directed at his intended victim. In this context, an inference that the ammunition was live, either (a) because the four remaining bullets had firing pin markings like the single spent casing and other bullets fired from the gun by the police witnesses, or (b) because defendant told his companion he would have shot the policeman if the gun had not misfired, would be wholly speculative and cannot satisfy the requirement of proof of a "deadly weapon” beyond a reasonable doubt.
Defendant cannot, however, succeed in his contention, first raised on appeal, that the conviction for attempted aggravated assault upon a peace officer must be set aside because the evidence established only that he fired at a police officer. (See, Penal *665 Law § 120.11, subsequently enacted, which includes both peace officers and police officers.) The indictment charged attempted murder, and defendant himself requested, and received the benefit of, the charge on attempted aggravated assault upon a peace officer. Thus, although this case may be distinguished from People v Ford (62 NY2d 275), where the evidence was legally sufficient to support an alternative conviction, defendant on the facts before us "ought not be allowed to take the benefit of the favorable charge and complain about it on appeal.” (People v Legacy, 4 AD2d 453, 455 [Bergan, J.].)
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order modified and case remitted to Chemung County Court for resentencing in accordance with the memorandum herein and, as so modified, affirmed.