OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On December 12, 1982, defendant pointed a gun at Ron Humphrey. Humphrey threw himself to the ground, put his hands over his face, and heard two clicks, but the gun did not fire. Humphrey fled. After defendant and the gun were seized, Humphrey identified both. The gun was examined and found to be loaded with live ammunition but jammed. A member of the Police Emergency Services Unit (ESU) examined the gun and determined that the bullet had to be removed because "it’s possible the thing could go off again.” He dismantled the gun and removed the jammed round of ammunition; the gun was reassembled. The officer observed that the bullet had a small dent, indicating that it had been struck by the gun’s firing pin when the trigger was pulled. A member of the Police Ballistics Squad then test-fired the gun and the ammunition; both worked. Following a jury trial, defendant was acquitted of attempted murder and criminal use of a firearm, but convicted of criminal possession of a weapon in the second degree (Penal Law § 265.03). On appeal, defendant contends that his conviction should be reversed on the ground that the prosecution failed to sustain its burden of proving that the firearm was operable when he possessed it, and the People urge that they satisfied this burden.
Viewing the evidence most favorably for the prosecution, the evidence was sufficient to support the jury’s finding that the gun and the ammunition were operable. The jury was entitled to conclude from the evidence that the ESU officer did not materially alter the gun when he removed the jammed bullet, and that the gun could readily have discharged. Moreover, the fact that the gun malfunctioned, standing alone, does not defeat the overwhelming inference that immediately prior to the pulling of the trigger, the gun was capable of discharging the ammunition, particularly in view of the uncontradicted evidence that when subsequently test-fired, the gun and the bullets were found to be operable (compare, People v Shaffer, 66 NY2d 663, 664 [evidence of operability insufficient where gun misfired and ammunition was not test-fired to establish that it was live]).
*884 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.