■ In the Matter of DESTINI A., a Person Alleged to be a Juvenile Delinquent, Appellant. [642 NYS2d 30] —Order of disposi-

tion, Family Court, New York County (Leah Marks, J.) entered September 19, 1995, which adjudicated respondent-appellant a juvenile delinquent upon a finding that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third degree and unlawful possession of a weapon by a person under the age of 16, and placed him with the Division for Youth for 18 months, unanimously modified, on the law, to the extent of vacating the finding that appellant committed acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, and substituting in its place a finding that appellant committed acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, and reducing appellant's period of placement with the Division for Youth to 12 months, and otherwise affirmed, without costs.

The Family Court erred in finding appellant had committed acts constituting third-degree criminal possession of a weapon where the evidence adduced at the fact-finding hearing clearly demonstrated that the ammunition contained in the gun was never tested to determine whether it was live. Thus, the presentment agency failed to prove this requisite element (*see*, *People v Cavines*, 70 NY2d 882, 883, citing *People v Shaffer*, 66 NY2d 663, 664). The evidence was, however, sufficient to establish the misdemeanor charge of criminal possession of a weapon in the fourth degree, to wit, that appellant possessed a firearm (Penal Law § 265.01 [1]). We reduce appellant's placement with the Division for Youth to 12 months, the maximum initial period of placement for an act constituting a misdemeanor under Family Court Act § 353.3 (5). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.