OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has been indicted for burglary in the first degree and grand larceny in the fourth degree. By omnibus motion filed May 19, 2000, defendant has moved for inspection of the Grand Jury minutes and a dismissal of the indictment after inspection. The District Attorney has supplied a copy of the Grand Jury minutes to the court, together with the exhibits *725 introduced before the Grand Jury and the court has completed its review.
The indictment alleges that on August 5, 1999, defendant knowingly entered or remained unlawfully in a dwelling with intent to commit a crime therein and further, that while effecting entry, while in the dwelling, or in immediate flight therefrom, he was armed with a “deadly weapon.” The grand larceny count simply alleges that defendant stole a firearm. The evidence at the Grand Jury established that defendant and a friend were driving around in defendant’s girlfriend’s car and decided to find a “nice” residence and break into it. They drove to Ellicottville and found an unoccupied house. They went in through a window under the deck and while inside, defendant grabbed a loaded .38 caliber revolver and a .22 caliber pistol. They also stole ammunition, cash and golf balls. The evidence also established that Detective Wind test-fired the weapon the morning of the Grand Jury presentation but did not establish that he test-fired the weapon with the ammunition that was allegedly in the weapon when it was recovered.
The first count of the indictment must be dismissed. The People failed to prove before the Grand Jury that the ammunition contained in the stolen .38 was in fact live ammunition (see, People v Shaffer, 66 NY2d 663). A “deadly weapon” is defined as a “loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged” (Penal Law § 10.00 [12]; People v Cavines, 70 NY2d 882; People v Aguilar, 202 AD2d 512). Here, while there was testimony that the gun was test-fired immediately before the Grand Jury presentation, there was no testimony that it was test-fired with the ammunition found in the weapon at the time that defendant possessed it (People v Shaffer, supra; People v Daniels, 77 AD2d 745; People v Prescott, 191 AD2d 521; People v Thomas, 70 AD2d 570).
The court is also skeptical of the prosecution theory that stealing a loaded weapon in the course of a burglary is consistent with the legislative intent in defining the crime of burglary in the first degree. Penal Law § 140.30 (1) elevates a burglary to a class B felony when the perpetrator is armed with a deadly weapon. The word armed seems to mean more than possess as the fruits of a theft. Nonetheless, that issue need not be reached at this time. Accordingly, pursuant to CPL 210.20 (1-a), the first count of the indictment is reduced from a charge of burglary in the first degree to burglary in the second *726 degree, contrary to Penal Law- § 140.25 (2), with the People granted permission to take whatever remedial action they deem appropriate.