■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMINIO VELEZ, Appellant. [718 NYS2d 25] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered June 23, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted kidnaping in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 12½ to 25 years, 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's conviction of criminal possession of a weapon in the second degree was supported by legally sufficient evidence. The People met their burden of proving that the gun was operable, even if rendered temporarily incapable of firing (see, People v Cavines, 70 NY2d 882) and the testing of one of the two bullets recovered was sufficient to establish that the gun was loaded with live ammunition (see, People v Samarati, 53 AD2d 999).

Defendant was not deprived of a fair trial by the court's reasonably limited questioning of witnesses, including its use of leading questions, for the purpose of ensuring a clear presentation of a highly technical aspect of the case (see, People v Moulton, 43 NY2d 944). We find nothing in the court's intervention that could have suggested to the jury any opinion on the part of the court.

The challenged portions of the People's summation did not deprive defendant of a fair trial (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884). The challenged remarks were generally fair comment on the evidence in response to credibility issues raised by defendant, including permissible comment by the prosecutor on the weaknesses of defendant's version of events, and any prejudice was prevented by the court's curative action.

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.