██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK JENNIS, Appellant. [750 NYS2d 381] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered April 10, 2001, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the third degree (§ 145.05), criminal tampering in the second degree (§ 145.15), criminal possession of stolen property in the fifth degree (§ 165.40) and menacing in the second degree (§ 120.14 [1]). Defendant contends that the burglary conviction is not supported by legally sufficient evidence because he testified at trial that, when he entered the house next to his own residence, his intent was to condemn the property based on prior drug activity there, not to commit a crime therein. Defendant further testified, however, that he knew that it was illegal to enter the house without the owner's permission, and the owner testified that defendant did not have his permission to enter the house. After using a sledgehammer to enter the house, defendant shut off the power, damaged the water valve and sewer line, and removed the electric and gas meters with a pipe wrench. A representative from Niagara Mohawk Power Corporation testified that defendant did not have permission to remove its meters. Contrary to defendant's further contention, "the fact that the rest of the building in which the basement was located was occupied by tenants residing there at night established that the basement was part of a 'dwelling' within the meaning of Penal Law § 140.00 (2), (3)" (*People v Cohen*, 204 AD2d 159, 160, *lv denied* 83 NY2d 966; *cf. People v Murray*, 278 AD2d 898, 899-900, *lv denied and dismissed* 96 NY2d 804). Thus, the evidence is legally sufficient to establish that defendant knowingly entered the house with intent to commit a crime therein (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction of criminal mischief in the third degree (§ 145.05 [damages exceeding $250]), based on the testimony of the homeowner that he spent

approximately $1,200 to repair the sewer stacks, $219 to replace the electrical circuits and approximately $1,900 to repair the doors and walls. We reject defendant's further contention that the verdict is against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the County Court erred in instructing the jury on the elements of burglary in the second degree. In any event, any error is harmless. The proof of guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the alleged error (*see People v Crimmins*, 36 NY2d 230, 241-242). We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.