■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN G. GULNAC, Appellant. [766 NYS2d 455] —Cardona, P.J. Appeals (1) from a judgment of the County Court of Tompkins County (Barrett, J.), rendered June 15, 2000, upon a verdict convicting defendant of the crime of burglary in the first degree, and (2) by permission, from an order of said court (Rowley, J.), entered December 13, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On or about October 14, 1999, at his suggestion, defendant and three other individuals drove to the home of Nicholas Sorce, a marihuana dealer, located at 305 Sheffield Road in the Town of Ithaca, Tompkins County, to steal money from a safe. Defendant and the driver remained in the car while Daniel Kotmel and Michael Richey entered the basement through a window. At the time of entry, both Kotmel and Richey carried a handgun. Once inside, they discovered Sorce's marihuana operation and removed 50 plants but nothing else. Defendant was indicted for the crimes of burglary in the first degree (under the theory that he acted in concert with Kotmel and Richey [see Penal Law § 20.00]), criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the second degree. At the close of the People's case, defendant moved for a trial order of dismissal (see CPL 290.10) with respect to all charges and County Court (Barrett, J.) reserved decision. After the defense rested without offering any proof, the court submitted all three charges to the jury, implicitly denying defendant's motion. The jury convicted defendant of burglary in the first degree and acquitted him of the other charges. County Court sentenced defendant to a determinate prison term of five years. Thereafter, defendant moved unsuccessfully to vacate the judgment of conviction pursuant to CPL 440.10. Defendant appeals from the judgment of conviction and, by permission of this Court, from the order denying his motion to vacate.

Defendant contends that County Court erred when it denied his CPL 290.10 motion to dismiss the charge of burglary in the first degree because of insufficient proof that the building was a dwelling and that a deadly weapon was possessed during the burglary (see Penal Law § 10.00 [12]; § 140.00 [3]; § 140.30 [1]). Although the latter was not preserved for appellate review, we exercise our discretion to reach it.

Addressing defendant's first argument, we note that "[a] 'dwelling' is defined as 'a building which is usually occupied by a person lodging therein at night' " (People v Barney, 99 NY2d

367, 370 [2003], quoting Penal Law § 140.00 [3]). In deciding whether a building reasonably falls within that definition, consideration must be given to the attendant facts and circumstances. "[C]ourts must look to the 'nature of the structure' and determine whether it was 'normal and ordinary' that it was 'used as a place for overnight lodging' and had 'the customary indicia of a residence and its character or attributes' " (*People v Barney, supra* at 372, quoting *People v Quattlebaum,* 91 NY2d 744, 748 [1998]).

Here, the evidence established that in October 1999, Sorce resided at 305 Sheffield Road and lived there since July 1998. Sorce had phone service, kept two dogs at that location and did his laundry in the basement. Testimony also set forth that the house had three bedrooms, a dining/living room and a bathroom. Viewing the evidence in the light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that 305 Sheffield Road is a house, with the customary indicia of a residence, suitable for human habitation and used regularly for overnight lodging so as to constitute a dwelling. Furthermore, the fact that the basement had been used for growing marihuana did not exclude it from being considered a part of the dwelling (*see People v Jennis,* 299 AD2d 921, 921 [2002], *lv denied* 99 NY2d 583 [2003]; *People v Rohena,* 186 AD2d 509, 511 [1992], *lv denied* 81 NY2d 794 [1993]).

We do, however, find merit in defendant's argument that the People's proof was legally insufficient to establish that Richey or Kotmel possessed a "deadly weapon" during the burglary, a necessary element of burglary in the first degree (*see* Penal Law § 10.00 [12]; § 140.30 [1]). A "deadly weapon," for purposes of that crime and as applicable to the instant indictment, is defined as a "loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged" (Penal Law § 10.00 [12]). Here, although there was testimony that both guns were successfully test-fired using ammunition from police inventory, there was no testimony establishing that any of the ammunition recovered had been tested and determined to be live (*see People v Shaffer,* 66 NY2d 663, 664 [1985]). Furthermore, there was no explanation given as to "why the ammunition was not or could not have been test-fired" (*id.* at 664; *cf. People v Cavines,* 70 NY2d 882, 883 [1987]). Although the People offered evidence indicating that Kotmel and defendant believed the guns were loaded, we find this evidence too speculative to establish that the ammunition

was live and, therefore, insufficient, as a matter of law, to satisfy the deadly weapon element of burglary in the first degree (*see People v Shaffer, supra* at 664).

Even in light of the above, it was not error to deny defendant's motion for a trial order of dismissal with respect to that count. "CPL 290.10 (1) provides that a trial order of dismissal may be granted if, '[a]t the conclusion of the people's case or at the conclusion of all the evidence * * * the trial evidence is not legally sufficient to establish the offense charged therein *or any lesser included offense*'" (*People v Whipple*, 97 NY2d 1, 5 [2001] [emphasis added]). Here, when viewed in a light most favorable to the People, the evidence established a valid line of reasoning and permissible inferences which could lead a rational person to conclude that defendant intentionally aided Richey and Kotmel to commit all of the requisite elements of the lesser included offense of burglary in the second degree (*see* Penal Law §§ 20.00, 140.25 [2]). Accordingly, we exercise our power to modify the judgment of conviction and reduce it to burglary in the second degree (*see* CPL 470.15 [2] [a]; *People v Hawkins*, 99 NY2d 592, 594 [2003]).

Defendant also contends that his attorney's failures to request a jury charge for the affirmative defense provided in Penal Law § 140.30 (4) and to object to an incorrect supplemental instruction deprived him of the effective assistance of counsel.* We disagree. First of all, defendant was not entitled to a charge containing the affirmative defense which reduces the crime of burglary in the first degree to a lesser included offense, i.e., what appears to be a firearm is not in actuality a loaded weapon (*see* Penal Law § 140.30 [4]), inasmuch as he was not prosecuted under subdivision (4) (displays what appears to be a firearm) but rather under subdivision (1) (armed with a deadly weapon) (*see* Penal Law § 140.30 [1]). Therefore, counsel cannot be faulted for failing to request it. On the other hand, we do find merit in defendant's contention that County Court gave an erroneous supplemental jury instruction. During deliberations, the jury sought clarification on whether the "deadly weapon" element of burglary in the first degree could be satisfied by proof that Richey possessed both a loaded clip in his hand or pocket and the unloaded automatic weapon elsewhere on his person. In response, County Court mistakenly read the jury the definition of "loaded firearm" defined in Penal Law § 265.00 (15), which states that "any firearm loaded with

---

* These issues, raised in the context of a claimed deprivation of the right to a fair trial, were the bases that defendant offered in his CPL 440.10 motion to vacate his judgment of conviction.

ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm." In doing so, the court incorrectly expanded the definition of deadly weapon "and erroneously allowed the jury to find that the gun was 'loaded', i.e. 'deadly' (Penal Law § 10.00 [12])," though not actually armed with live ammunition (*People v Wilson,* 252 AD2d 241, 245 [1998]). However, we find this error to be harmless. In our view, the reduction of defendant's conviction to burglary in the second degree removes the deadly weapon element from consideration thereby rendering the trial error inconsequential. Considering the totality of the circumstances herein, we find that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 146-147 [1981]; *People v Johnson,* 307 AD2d 384 [2003]).

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, as a matter of discretion in the interest of justice, by reducing defendant's conviction for burglary in the first degree to burglary in the second degree; vacate the sentence imposed on said conviction and matter remitted to the County Court of Tompkins County for resentencing; and, as so modified, affirmed.

