■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LEWIS, Appellant. [834 NYS2d 227]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered September 8, 2003, convicting him of criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was indicted for criminal possession of a weapon in the second degree and reckless endangerment in the first degree as a result of a June 5, 2002 incident during which, while riding as a passenger in his car, he discharged what appeared to be a gun in the air and in the direction of a group of people on a porch, one with whom he had a recent altercation. No one was struck by a bullet during the incident.

Police responding to the scene recovered three shell casings in the street where the gun was fired, and the defendant's car, which was parked nearby. Upon impounding and searching the car, the police recovered a fourth shell casing. Forensic testing revealed that the "tool marks" on all four shells indicated that they were "fired from a common source." However, no weapon was ever recovered. Further, no bullets or bullet fragments were recovered from the scene.

At the conclusion of a nonjury trial, the defendant unsuccessfully moved to dismiss the charges against him as facially insufficient. Following its deliberations, the County Court acquitted the defendant of reckless endangerment and criminal possession of a weapon in the second degree, but convicted him of criminal possession of a weapon in the third degree. However, upon defendant's post-verdict motion, the court, by written decision dated September 8, 2003, modified its verdict to criminal possession of a weapon in the fourth degree (see Penal Law § 265.01 [1]), as a lesser-included offense, finding that there had

been no testimony "that the ammunition fired from the weapon was live," pursuant to *People v Shaffer* (66 NY2d 663 [1985]).

The defendant was then sentenced to 60 days' incarceration and three years' probation, and was directed to pay a $120 surcharge and a $10 crime victims' assistance fee. This appeal ensued.

We disagree with the court's determination that the People proved the defendant's guilt of criminal possession of a weapon in the fourth degree beyond a reasonable doubt. A "weapon" within the meaning of that offense must be operable, i.e., capable of discharging live ammunition (*see People v Longshore*, 86 NY2d 851, 852 [1995]; *People v Cavines*, 70 NY2d 882, 883 [1987]; *People v Robles*, 251 AD2d 20, 21 [1998]; *People v McInnis*, 179 AD2d 781, 782 [1992]). Here, the alleged gun possessed by the defendant was never recovered, and the People otherwise presented no evidence of operability, e.g., that the shell casings recovered from the scene fired live rounds, or that there were bullets, bullet fragments, or evidence of the same, found at the scene. In the absence of such proof, the indictment should have been dismissed in its entirety.

In light of our determination, we need not address the defendant's remaining contentions. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.