■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY BROWN, Appellant. [868 NYS2d 655]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony and its rejection of defendant's justification defense. The evidence satisfied the damage element of third-degree criminal mischief where the victim gave firsthand testimony that he spent on repairs approximately $990, which was almost four times the $250 statutory threshold, and the surrounding circumstances warranted the inference that this figure was the actual and reasonable cost of repairs (*see People v Garcia*, 29 AD3d 255, 263 [2006], *lv denied* 7 NY3d 789 [2006]; *People v Jennis*, 299 AD2d 921 [2002], *lv denied* 99 NY2d 583 [2003]).

The court properly denied defendant's request for a missing

witness charge, since the record shows that the testimony of the uncalled witnesses would have been entirely cumulative, and would have neither contradicted nor added to that of the other witnesses (*see People v Macana*, 84 NY2d 173, 180 [1994]).

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict based on newly discovered evidence. As defendant concedes, the alleged newly discovered evidence was simply the identity of a previously unidentified potential witness. There was no indication of what the witness would say, and the witness's identity, by itself, plainly did not qualify as the type of exculpatory evidence set forth in the statute. Defendant improperly sought to use the motion as a substitute for interviewing the witness to determine what, if anything, he knew about the case. Defendant's remaining arguments about the court's disposition of the motion are without merit. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.