■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY WASHINGTON, Appellant. [875 NYS2d 732]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 6, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and assault in the second degree (§ 120.05 [2]). Defendant failed to renew his motion for a trial order of dismissal with respect to the count of depraved indifference murder after presenting evidence and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to that count (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's contention is without merit inasmuch as the evidence is legally sufficient to support the conviction of that count (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that he was denied the right to effective assistance of counsel based solely on defense counsel's failure to renew the motion for a trial order of dismissal with respect to the murder count. We reject that contention. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005]). Here, inasmuch as we have concluded that the evidence is legally sufficient to support the conviction of the murder count, it cannot be said that defense counsel's failure to renew the motion for a trial order of dismissal with respect to that count constitutes ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.