■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ELLIOTT, Appellant. [900 NYS2d 814]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered June 28, 2007. The judgment convicted defendant, upon a jury verdict, of use of a child in a sexual performance (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of three counts of use of a child in a sexual performance (Penal Law § 263.05), defendant contends that the evidence is legally insufficient to support the conviction because the sexual performances were not exhibited before an audience but, rather, were observed by defendant alone. Defendant failed to preserve that contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal on that ground after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We also reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). With respect to defense counsel's failure to object to certain derogatory testimony concerning defendant's drug use and corporal punishment of the children in question, defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Douglas*, 60 AD3d 1377 [2009], *lv denied* 12 NY3d 914 [2009]). The record does not support defendant's contention that defense counsel failed to conduct an adequate investigation into the reliability of child abuse accommodation syndrome. In any event, even assuming, arguendo, that defense counsel could have presented alternative psychological theories to the jury, we conclude that his failure to do so was not so " 'egregious and prejudicial as to compromise . . . defendant's right to a fair trial' " (*People v Washington*, 60 AD3d 1454, 1455 [2009], *lv denied* 12 NY3d 922 [2009]). Finally, the sentence, the maximum of which is 10 to 20 years, is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.