# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**714**

**KA 09-01085**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CRAIG D. BROWN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered March 5, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and unauthorized use of a vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crimes of criminal possession of a weapon in the second and third degrees as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, the jury was entitled to find defendant guilty of both crimes beyond a reasonable doubt based upon the credible evidence concerning the operability of the .32 caliber pistol at the time of his possession (*see People v Cavines*, 70 NY2d 882, 883; *People v Velez*, 278 AD2d 53, 53, *lv denied* 96 NY2d 808; *People v Francis*, 126 AD2d 740, 740). The testimony of the police officer that, immediately after recovering the pistol, he released the slide to empty the round of ammunition from the pistol's chamber, combined with the expert testimony of the firearms examiner, established that, although the slide mechanism was sticking at the time of the examination, at the time the firearm was recovered it was loaded and it would have discharged during test firing had it not been unloaded based on the ease with which the trigger and hammer moved. Furthermore, the firearms examiner successfully discharged the pistol with ammunition recovered with the pistol after releasing the slide.

Defendant further contends that the verdict is against the weight of the evidence with respect to those crimes on the issue of his knowledge of the operability of the pistol.  Contrary to defendant's contention, however, the People were not required to establish that he was aware of the operability of the pistol (*see People v Cooper*, 59 AD3d 1052, 1053, *lv denied* 12 NY3d 852; *People v Ansare*, 96 AD2d 96, 97-98, *lv denied* 61 NY2d 672).

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court