# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

584

KA 13-01493

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTOINE HAILEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 4, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the minimal inquiry of Supreme Court failed to establish that defendant understood the critical right he was waiving when executing the waiver of the right to a jury trial. Inasmuch as defendant did not challenge the adequacy of the allocution related to that waiver, he failed to preserve for our review his challenge to the sufficiency of the court's inquiry (*see People v Lumpkins*, 11 AD3d 563, 564, *lv denied* 4 NY3d 746; *see also People v White*, 43 AD3d 1407, 1407, *lv denied* 9 NY3d 1010; *see generally People v Johnson*, 51 NY2d 986, 987). In any event, that challenge lacks merit. "Defendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) . . . , and the record establishes that defendant's waiver was knowing, voluntary and intelligent" (*People v Wegman*, 2 AD3d 1333, 1334, *lv denied* 2 NY3d 747; *see People v Dixon*, 50 AD3d 1519, 1520, *lv denied* 10 NY3d 958; *cf. People v Davidson*, 136 AD2d 66, 67-70; *see generally People v Smith*, 6 NY3d 827, 828, *cert denied* 548 US 905).

Defendant further contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. With respect to the legal sufficiency of the evidence, defendant failed to preserve for our review his contention

that the firearm was not operable because his motion for a trial order of dismissal was not specifically directed at that alleged deficiency in the People's proof (*see People v Gray*, 86 NY2d 10, 19).  In any event, we conclude that the evidence is legally sufficient to establish the operability of the firearm.  Although the barrel of the firearm was loose and the loading gate would not remain closed, the People presented the testimony of the firearms examiner establishing that neither fact affected the operability of the firearm itself (*see People v Cavines*, 70 NY2d 882, 883; *cf. People v Shaffer*, 66 NY2d 663, 664).  Indeed, the firearm was operational when the firearms examiner test-fired the firearm with the ammunition that had been loaded in the firearm at the time it was recovered (*see* Penal Law § 265.00 [15]).

We further conclude that the conviction is supported by legally sufficient evidence that defendant possessed the firearm (*see generally People v Bleakley*, 69 NY2d 490, 495).  The People presented the testimony of an eyewitness who observed defendant in physical possession of the gun, as well as the testimony of a forensic biologist establishing that defendant "[was] the source of the major portion of the [DNA]" found on the firearm.  Indeed, according to the testimony of the forensic biologist, the possibility of randomly selecting an unrelated individual with a matching DNA profile to the major DNA profile found on the firearm was "at least 1 in 13.43 quintillion."  Finally, the evidence presented at trial established that the firearm was located in ceiling tiles directly above the area of the residence where defendant had been seated when the police entered the residence, and that no one else in the residence had been seated near defendant.

Contrary to defendant's contention, the testimony of the eyewitness was not incredible as a matter of law, i.e., "impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Errington*, 121 AD3d 1553, 1555 [internal quotation marks omitted]; *see People v Ponzo*, 111 AD3d 1347, 1348; *People v Myers*, 87 AD3d 826, 827, *lv denied* 17 NY3d 954).  Moreover, any inconsistencies in the testimony of the police officers did not concern material elements of the crime charged and were "not so substantial as to render the verdict against the weight of the evidence" (*People v Bailey*, 90 AD3d 1664, 1666, *lv denied* 19 NY3d 861; *see People v Hightower*, 286 AD2d 913, 915, *lv denied* 97 NY2d 656).  We thus conclude that, upon viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to pursue a motion to suppress the firearm.  It is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Caban*, 5 NY3d 143, 152; *People v Rivera*, 71 NY2d 705, 709).  "Where, as here, a defendant challenges

the effectiveness of counsel based on counsel's failure to make certain motions, the defendant must establish that the motions, if made, 'would have been successful and that counsel otherwise failed to provide meaningful representation' " (*People v Clark*, 6 AD3d 1066, 1067, *lv denied* 3 NY3d 638; *see People v Patterson*, 115 AD3d 1174, 1175-1176, *lv denied* 23 NY3d 1066).  Here, defendant failed to meet his burden.  The record establishes that defendant "had no expectation of privacy in the searched premises [because] he was only an occasional visitor there," and he thus lacked standing to object to the search (*People v Caprood*, 176 AD2d 982, 982; *see People v Sommerville*, 6 AD3d 1232, 1232, *lv denied* 3 NY3d 648; *People v Christian*, 248 AD2d 960, 960, *lv denied* 91 NY2d 1006; *cf. People v Brown*, 260 AD2d 390, 390, *lv denied* 93 NY2d 1001).  Moreover, although defendant raises conclusory challenges to the owner's consent to the search of her home, "defendant has not advanced any arguable basis for suppression, which is fatal to his ineffective assistance of counsel claim" (*People v Clifford*, 295 AD2d 697, 698, *lv denied* 98 NY2d 709). We have reviewed defendant's remaining challenge to the effectiveness of counsel and conclude that it lacks merit.  Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  May 1, 2015                        Frances E. Cafarell
                                             Clerk of the Court