### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 17, 2015                    106184
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

LAWRENCE WRIGHT,
                        Appellant.
_____

Calendar Date:   October 23, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 7, 2013, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the third degree.

        Defendant was charged with various offenses in the wake of
gunplay at an apartment complex in the City of Kingston, Ulster
County.  Following a jury trial, he was convicted of the crimes
of criminal possession of a weapon in the second degree and
criminal possession of a weapon in the third degree.  County
Court sentenced defendant, a second felony offender, to an
aggregate prison term of 10 years to be followed by postrelease
supervision of five years.  Defendant now appeals.

We affirm. "A person having previously been convicted of a crime is guilty of criminal possession of a weapon in the third degree when he or she possesses an operable firearm, and of criminal possession of a weapon in the second degree when such firearm is loaded" (People v Perry, 116 AD3d 1253, 1254 [2014], citing Penal Law §§ 265.01 [1]; 265.02 [1]; 265.03 [3]). Defendant was arraigned on a special information alleging that he had previously been convicted of a crime. Contrary to defendant's contention, because he admitted the prior conviction, County Court appropriately "submit[ted] the case to the jury without reference thereto" (CPL 200.60 [3] [a]; see People v Cooper, 78 NY2d 476, 481-482 [1991]).

Defendant next argues that the verdict was against the weight of the evidence. In that regard, Venice Baird testified that his mother became uncomfortable when she noticed a green Jaguar parked outside of her apartment, and that he went outside to confront the driver and ask him to leave. Baird and a neighbor, Michelle Lind, recognized the Jaguar and defendant, the driver, from prior observations. Baird, Lind and others testified to the verbal altercation that ensued and, although defendant drove away to visit an acquaintance in a nearby apartment, Baird expected further trouble. Trouble indeed followed when defendant drove past Baird again, with an angry exchange of words, prompting Baird to throw a stick that damaged the side-view mirror of the Jaguar. Defendant, wearing a blue latex glove, was then observed to fire a pistol out of the driver's side window. Defendant fled and attempted to dispose of the evidence, but investigators located the still-loaded pistol and glove after speaking to his girlfriend. The pistol was tested and found to be operable, and a weapons examiner determined that a shell casing recovered at the crime scene had been fired from it. Investigators further recovered genetic material from the pistol's trigger that, while not conclusive, strongly suggested that defendant was one of its users. Defendant explored issues that called the credibility of the eyewitnesses into question but, "viewing the evidence in a neutral light and according appropriate deference to the jury's credibility determinations, we find that defendant's convictions were not against the weight of the evidence" (People v Capers, 129 AD3d 1313, 1315 [2015]; see People v Danielson, 9 NY3d 342,

349 [2007]; <u>People v Hailey</u>, 128 AD3d 1415, 1416-1417 [2015], <u>lv</u> <u>denied</u> 26 NY3d 929 [2015]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court