■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMEO WILLIAMS, Appellant. [57 NYS3d 319]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 23, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the evidence is not legally sufficient to support the conviction inasmuch as the People failed to establish that the firearm at issue was operable. We reject that contention. The People presented testimony establishing that defendant was observed carrying "something black," which appeared to be a gun, immediately before two witnesses heard several gunshots emanating from his direction (*see People v Spears*, 125 AD3d 1401, 1402 [2015], *lv denied* 25 NY3d 1172 [2015]; *People v Jackson*, 122 AD3d 1310, 1311 [2014], *lv denied* 24 NY3d 1220 [2015]; *People v Samba*, 97 AD3d 411, 414 [2012], *lv denied* 20 NY3d 1065 [2013]). Defendant was later observed throwing a revolver from a moving vehicle, and that revolver

was recovered by the police. The firearms examiner testified that damage to the loading and unloading mechanism did not affect the operability of the revolver (*see People v Cavines*, 70 NY2d 882, 883 [1987]; *People v Hailey*, 128 AD3d 1415, 1416 [2015], *lv denied* 26 NY3d 929 [2015]), and he further testified that he successfully test-fired the revolver without damaging, repairing, or otherwise materially altering the weapon's firing apparatus (*cf. People v Shaffer*, 66 NY2d 663, 664 [1985]; *see generally People v Brown*, 107 AD3d 1477, 1478 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v Francis*, 126 AD2d 740, 740 [1987]). We therefore conclude that defendant's conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that County Court erred in sua sponte taking judicial notice of the dismissal of the criminal charges against the two other occupants of the vehicle in which defendant was a passenger at the time of his arrest (*see People v Strauts*, 26 AD3d 796, 796 [2006], *lv denied* 6 NY3d 839 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct (*see People v Love*, 134 AD3d 1569, 1570 [2015], *lv denied* 27 NY3d 967 [2016]), and we conclude that defendant's contention is without merit in any event. Likewise, defendant failed to preserve for our review his contention that the court abused its discretion in reopening the suppression hearing to clarify a witness's testimony before rendering its decision (*see generally People v Valentin*, 132 AD3d 499, 500 [2015], *affd* 29 NY3d 150 [2017]). In any event, we reject that contention (*see People v Suphal*, 7 AD3d 547, 547 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Tirado*, 266 AD2d 130, 130 [1999], *lv denied* 94 NY2d 867 [1999]; *see also Matter of State of New York v Stein*, 85 AD3d 1646, 1647 [2011], *affd* 20 NY3d 99 [2012], *cert denied* 568 US 1216 [2013]).

We also reject defendant's contention that he was deprived of his right to effective assistance of counsel based on defense counsel's failure to object to those three alleged errors. "Defendant, of course, bears the burden of establishing his claim that counsel's performance is constitutionally deficient" (*People*

*v Nicholson*, 26 NY3d 813, 831 [2016]). To meet that burden, "[i]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failures" (*People v Jarvis*, 113 AD3d 1058, 1059 [2014], *affd* 25 NY3d 968 [2015] [internal quotation marks omitted]; *see People v Benevento*, 91 NY2d 708, 712 [1998]). "[A] reviewing court must be careful not to second-guess counsel, or assess counsel's performance with the clarity of hindsight, effectively substituting its own judgment of the best approach to a given case" (*People v Conway*, 148 AD3d 1739, 1741-1742 [2017] [internal quotation marks omitted]; *see People v Pavone*, 26 NY3d 629, 647 [2015]). Here, we conclude that "defendant failed 'to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's alleged shortcomings' " (*People v Elliott*, 73 AD3d 1444, 1445 [2010], *lv denied* 15 NY3d 773 [2010], quoting *Benevento*, 91 NY2d at 712).

Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, NeMoyer and Curran, JJ.