Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 20, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of stolen property in the fourth degree, hindering prosecution in the third degree and tampering with physical evidence.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). Defendant failed to preserve for our review her contention that she was deprived of a fair trial by prosecutorial misconduct (see People v Williams, 151 AD3d 1834, 1835 [4th Dept 2017], lv denied 29 NY3d 1135 [2017]). In any event, we conclude that defendant’s contention is without merit inasmuch as none of the alleged instances constituted misconduct. The prosecutor’s comments during summation “were within the broad bounds of rhetorical comment permissible during summations . . . and they were either a fair response to defense counsel’s summation or fair comment on the evidence” (People v Goodson, 144 AD3d 1515, 1516 [4th Dept 2016], lv denied 29 NY3d 949 [2017] [internal quotation marks omitted]). In addition, the prosecutor properly cross-examined defendant on aspects of her direct examination testimony.
 

 We reject defendant’s further contention that she was denied effective assistance of counsel. Defense counsel erred in questioning defendant whether she had a prior “drug-related” conviction after County Court in its Sandoval ruling had limited the prosecutor to asking simply whether defendant had a prior felony conviction. We conclude, however, that “defense counsel’s error was ‘not so egregious and prejudicial that [it] deprived defendant of [her] right to a fair trial’ ” (People v Reitz, 125 AD3d 1425, 1425 [4th Dept 2015], lv denied 26 NY3d 934 [2015], denied reconsideration 26 NY3d 1091 [2015]). Defense counsel made only a single reference to the conviction on direct examination, as did the prosecutor on cross-examination. No mention of it was made by the prosecutor on summation, and the jury was never told of the underlying facts of the conviction, which was 23 years ago. We have examined defendant’s remaining instances of alleged ineffective assistance and conclude that, while defendant did not receive error-free representation, “[t]he test is ‘reasonable competence, not perfect representation’ ” (People v Oathout, 21 NY3d 127, 128 [2013]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Defendant next contends that the verdict with respect to criminal possession of a controlled substance in the first degree is against the weight of the evidence. We reject that contention. The recorded phone conversations between defendant and her incarcerated son established that defendant either had constructive possession of the drugs that were in her vehicle or acted as an accessory to the possession of the drugs by her son, and defendant’s testimony at trial did nothing to refute the evidence of possession. Viewing the evidence in light of the elements of criminal possession of a controlled substance in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.
 

 We have reviewed the contentions of defendant raised in her pro se supplemental brief and conclude that none of them is preserved for our review (see CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see 470.15 [6] [a]).
 

 Present—Centra, J.P., Peradotto, Carni and DeJoseph, JJ.