People v Washington (2019 NY Slip Op 04553)





People v Washington


2019 NY Slip Op 04553


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


204 KA 15-00473

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LATANYA L. WASHINGTON, ALSO KNOWN AS LATONYA L. WASHINGTON, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 23, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), arising from an incident where she carried an electronic stun gun in her purse while attempting to enter the Monroe County Hall of Justice. We affirm.
Defendant's contention regarding the legal sufficiency of the evidence with respect to the operability of the stun gun is not preserved for our review inasmuch as her motion for a trial order of dismissal was not " specifically directed' at [that] alleged" deficiency in the proof (People v Gray, 86 NY2d 10, 19 [1995]; see generally People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]). In any event, the evidence, which included the testimony of a firearms examiner who tested the device at issue, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction. Indeed, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" (People v Bleakley, 69 NY2d 490, 495 [1987]) that the device possessed by defendant was an " [e]lectronic stun gun' " that was operable (Penal Law § 265.00 [15-c]; see generally People v Berrezueta, 31 NY3d 1091, 1092 [2018], rearg denied 32 NY3d 1016 [2018]; People v Williams, 151 AD3d 1834, 1835 [4th Dept 2017], lv denied 29 NY3d 1135 [2017]).
By failing to request different jury instructions or object to the charge as given, defendant "failed to preserve [her] challenge[] to the jury instructions" (People v VanGorden, 147 AD3d 1436, 1440 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]; see People v Johnson, 103 AD3d 1251, 1252 [4th Dept 2013], lv denied 21 NY3d 1005 [2013]).
Defendant's challenges to the felony complaint and the grand jury proceedings are not properly before us. " The felony complaint was superseded by the indictment [upon which defendant was found]
guilty,' " thereby rendering academic any issue with respect to the felony complaint (People v Mitchell, 132 AD3d 1413, 1416 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]), and County Court's determination with respect to the legal sufficiency of the evidence before the grand jury is "not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; see People v Figueroa, 156 AD3d 1348, 1349-1350 [4th Dept 2017], lv denied 31 NY3d 1013 [2018]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court