People v Bull (2019 NY Slip Op 08420)





People v Bull


2019 NY Slip Op 08420


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09117
 (Ind. No. 1841/15)

[*1]The People of the State of New York, respondent,
v
Robb Bull, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Kathryn E. Mullen, and Josette Simmone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered August 15, 2017, convicting him of burglary in the first degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (six counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of burglary in the first degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (six counts), and endangering the welfare of a child. In particular, the evidence was legally sufficient to establish that a loaded firearm brandished during the events in question was operable (see People v Cavines, 70 NY2d 882, 883; People v Yarborough, 158 AD3d 430, 431; People v Williams, 151 AD3d 1834, 1835; People v Hailey, 128 AD3d 1415).
Upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
We agree with the Supreme Court's determination to permit the People to amend the indictment so as to delete any references to an unnamed third accomplice, since the amendment did not change the theory of the People's case or unduly prejudice the defendant (see CPL 200.70[1]; People v Hyland, 168 AD3d 1096; People v Christie, 210 AD2d 497).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court