People v Javon L. (2020 NY Slip Op 07094)





People v Javon L.


2020 NY Slip Op 07094


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2012-07710 ON MOTION
 (Ind. No. 7208/10)

[*1]The People of the State of New York, respondent,
v
Javon L. (Anonymous), appellant. DECISION & ORDER On the Court's own motion, it is ORDERED that the decision and order of this Court dated August 1, 2018, is recalled and vacated, the caption is amended, and the following decision and order is substituted for the prior decision and order:

Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Michael Brenner of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph K. McKay, J.), rendered August 6, 2012, convicting him of criminal possession of a weapon in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John G. Ingram, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The evidence adduced at trial revealed that the defendant, after he was evicted from his aunt's house, paid $100 to a man named Paul in order to stay in one of two bedrooms in a basement apartment. While sitting in the kitchen of the apartment, the defendant was shot by unknown assailants. The defendant asked a neighbor to call the police. The police entered the apartment to search for assailants and other people who may have been injured and found multiple firearms, including a "MAC 11 submachine gun type weapon" in open drawers in various rooms of the apartment, and bags of marihuana in one of the bedrooms. The defendant, who was 17 years old at the time, was charged with constructive possession of the firearms and marihuana. At trial, evidence was admitted showing that the defendant's DNA was found on the MAC 11 weapon. The defendant was convicted of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02(7) with respect to that weapon. At sentencing, the Supreme Court denied the defendant's application for youthful offender status and imposed a term of imprisonment and a term of postrelease supervision. The defendant has since served his sentence, including his period of postrelease supervision.
The Supreme Court properly denied, after a hearing, that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered.
The defendant's contentions with respect to the prosecutor's comments at the trial are, for the most part, unpreserved for appellate review. In any event, the defendant's contentions are without merit. In addition, contrary to the defendant's contention, the Supreme Court's instructions to the jury do not warrant reversal.
The Supreme Court denied the defendant's application for youthful offender status based upon its mistaken belief that he had been convicted of an armed felony, which required the court to find either mitigating circumstances that bear directly upon the manner in which the crime was committed or that the defendant was only a minor participant in the crime (see CPL 720.10[3]). The People correctly concede that the court erred in finding that the defendant had been convicted of an armed felony, since criminal possession of a weapon in the third degree pursuant to Penal Law 265.02(7) does not require proof that the firearm was loaded (see CPL 1.20[41]; People v Wright, 134 AD3d 1299). Thus, the defendant was eligible for youthful offender treatment without any finding of mitigation (see CPL 720.10[2]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the defendant's application for youthful offender status and resentencing thereafter.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court