■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE ROGERS, Appellant.—Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on May 3, 1988, convicting defendant, upon his plea of guilty, of assault in the second degree and sentencing him to a term of imprisonment of from 2 to 4 years, is unanimously affirmed.

There is no merit to defendant's claim that the Supreme Court abused its discretion by not ordering a hearing *sua sponte* pursuant to CPL 730.30 to determine whether he was competent to enter a plea of guilty. Neither the defense nor the prosecution requested a competency hearing, and the court properly concluded that there was no reason to question defendant's competency *(see, People v Rodriguez,* 56 NY2d 557). Defendant actively participated in entering a plea that was "knowingly, voluntarily and intelligently" entered *(People v Harris,* 61 NY2d 9, 17). Moreover, not only did the court observe defendant's conduct during the plea colloquy but subsequently directed a psychiatric examination under CPL article 730, which found him competent to proceed. The letters submitted by defendant were insufficient to warrant either a competency hearing or vacatur of the guilty plea. Equally lacking in substance is defendant's contention that the court did not grant him a hearing with respect to the constitutionality of his prior conviction. The court heard and considered defendant's argument that his prior felony conviction was unconstitutionally obtained and a misdemeanor and found it not credible. No further formal hearing was required. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.