■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS O. NANCE, JR., Appellant. [845 NYS2d 595]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered June 19, 2006. The judgment convicted defendant, after a nonjury trial, of criminal mischief in the third degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal mischief in the third degree (Penal Law § 145.05 [2]) and resisting arrest (§ 205.30). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that County Court erred in failing to conduct a hearing when he challenged the accuracy of the second felony offender statement at sentencing. We reject that contention. Upon questioning by the court, defendant did not contend that he had not been convicted of the prior felony, nor did he contest its constitutionality. Defendant did not expressly controvert the dates of his earlier incarceration set forth in a certified statement from the correctional facility upon which the court relied in determining that defendant

was a second felony offender, and thus "[n]o further formal hearing was required" (*People v Rogers*, 159 AD2d 231 [1990], *lv denied* 76 NY2d 742 [1990]; *see* CPL 400.21 [4]). We further conclude that, although the court did not expressly ask defendant pursuant to CPL 400.21 (3) whether he wished to controvert any allegation in the statement filed by the People, "the court substantially complied with the statute by inquiring of defendant whether there was anything he wished to say" (*People v Stewart*, 307 AD2d 533, 535-536 [2003]).

We reject defendant's further contention that the count of criminal mischief should have been dismissed when the prosecutor failed to include in his opening statement a reference to the fact that the property damage exceeded $250 (*see* Penal Law § 145.05 [2]). "[A]lthough a trial court can no doubt direct acquittal based on the prosecutor's opening statement, this should be done only upon an affirmative showing that the prosecutor is not entitled to a conviction because the charge cannot be sustained under any view of the evidence and then only after the prosecutor has been given an opportunity to correct the deficiency in his [or her] opening [statement]" (*People v Kurtz*, 51 NY2d 380, 385 [1980], *cert denied* 451 US 911 [1981]). Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.