■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE L. MYERS, Appellant. [859 NYS2d 824]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 1, 2006. The judgment

convicted defendant, upon her plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant failed to preserve for our review her contentions that the second felony offender statement filed by the People did not comply with CPL 400.15 (2) and that County Court erred in sentencing her as a second violent felony offender without giving her an opportunity to controvert the prior conviction (*see* CPL 470.05 [2]). In any event, those contentions lack merit. Although defendant is correct that the statement did not specify that the prior felony was a violent felony, the court twice stated that fact on the record, prior to the entry of defendant's plea. Furthermore, both defendant and defense counsel were given adequate notice of defendant's violent felony offender status, and neither challenged that status. Indeed, the record establishes that defendant was asked "whether there was anything [she] wished to say" (*People v Stewart*, 307 AD2d 533, 536 [2003]). We thus conclude that there was substantial compliance with CPL 400.15 in this case (*see generally People v Nance*, 45 AD3d 1347, 1347-1348 [2007], *lv denied* 9 NY3d 1037 [2008]), inasmuch as both defendant and defense counsel "received adequate notice and an opportunity to be heard with respect to the prior conviction" (*People v Ruffin*, 42 AD3d 582 [2007], *lv denied* 9 NY3d 881 [2007]). We have considered defendant's remaining contention and conclude that it is lacking in merit. Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.