█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JAMIESON, Appellant. [930 NYS2d 748]—

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence of his unlawful entry into the victim's home and intent to commit a crime at the time of the entry is insufficient to support the burglary conviction. Defendant's contention is unpreserved for our review inasmuch as he failed to move for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Brown*, 67 AD3d 1369 [2009], *lv denied* 14 NY3d 886 [2010]). In any event, that contention is without merit. The evidence establishes "that de-

fendant gained entry to the victim's home by means of deception, trickery or misrepresentation," and thus it is legally sufficient to establish the unlawful entry (*People v Mitchell*, 254 AD2d 830, 831 [1998], *lv denied* 92 NY2d 984 [1998]). The victim testified that defendant, who was wearing a hard hat and a vest when he approached her home, informed the victim that he was "from the cable company" and that he was there to "see if [her] setup was okay." In addition, "[d]efendant's intent to commit a crime [at the time of entry] may be inferred from the circumstances of the entry, from defendant's unexplained or unauthorized presence on the premises and from defendant's actions and assertions when confronted" (*id.*). Here, defendant's intent to commit a crime at the time of entry may be inferred from evidence that, inter alia, he posed as a cable company employee to gain entry to the victim's home and engaged in a physical altercation with her brother after that individual confronted defendant concerning the property taken from the victim's home. Present—Fahey, J.P., Peradotto, Lindley, Sconiers and Green, JJ.