# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**695**

**KA 11-00669**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

NIXON ELIAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 6, 2011. The judgment convicted defendant, upon a jury verdict, of attempted aggravated murder (two counts), assault in the first degree (two counts), attempted robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree, assault in the second degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of attempted aggravated murder (Penal Law §§ 110.00, 125.26 [1] [a] [i]; [b]). We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to request that Supreme Court charge attempted assault in the second degree (§§ 110.00, 120.05 [1]) as a lesser included offense of those two counts of the indictment. "It is well settled that '[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make . . . a[n] argument that has little or no chance of success' " (*People v March*, 89 AD3d 1496, 1497, *lv denied* 18 NY3d 926, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Viewing the evidence in the light most favorable to defendant (*see People v Martin*, 59 NY2d 704, 705), we conclude that there is no reasonable view thereof to support a finding that defendant committed the lesser offense but not the greater (*see generally People v Glover*, 57 NY2d 61, 63). We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to comments made by the prosecutor in his opening statement and on summation (*see People v Cox*, 21 AD3d 1361, 1364, *lv denied* 6 NY3d 753).

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by the admission in evidence of defendant's recorded statement in which he referenced an uncharged act of domestic violence.  After defendant objected on the basis of a *Molineux* violation, the court gave curative instructions to the jury.  Following those instructions, defense counsel neither objected further nor requested a mistrial, and thus, " '[u]nder these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction' " (*People v Lane*, 106 AD3d 1478, 1480-1481, *lv denied* 21 NY3d 1043, quoting *People v Heide*, 84 NY2d 943, 944).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 19, 2015                         Frances E. Cafarell
                                                Clerk of the Court