■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERICK EVANS, Also Known as DERRICK EVANS, Appellant. [28 NYS3d 199]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 21, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal mischief in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (§ 145.00 [1]), and petit larceny (§ 155.25). We reject defendant's contention that Supreme Court erred in refusing to suppress identification evidence on the ground that the photo array was unduly suggestive. The photographs portray men with similar physical features. "The fact that defendant's photograph has a slightly lighter background than the others does not support the conclusion that the identification procedure was unduly suggestive" (*People v Burns*, 186 AD2d 1015, 1016 [1992], *lv denied* 81 NY2d 837 [1993]; *see People v Gray*, 186 AD2d 1058, 1058 [1992], *lv denied* 81 NY2d 840 [1993]). For the first time on appeal, defendant also contends that the photo array was unduly suggestive because the number under his photograph was not from the same sequence of numbers under the other photographs. Defendant did not raise that contention in the hearing court and, therefore, it is not preserved for our review (*see People v Bakerx*, 114 AD3d 1244, 1247-1248 [2014], *lv denied* 22 NY3d 1196 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that trial counsel failed to conduct an adequate pretrial investigation because he did not obtain a video surveillance recording of the crime scene. Defendant's

contention involves matters outside the record and, as such, is properly the subject of a CPL article 440 motion (*see generally People v Monaghan*, 101 AD3d 1686, 1686 [2012], *lv denied* 23 NY3d 965 [2014]). We recognize that defendant's CPL 330.30 motion to set aside the verdict, which is included in the record on appeal, raised this issue. We conclude, however, that the record is not sufficiently developed to permit resolution of defendant's contention (*see People v Bahr*, 96 AD3d 1165, 1166 [2012], *lv denied* 19 NY3d 1024 [2012]; *People v Green*, 92 AD3d 894, 896 [2012], *lv denied* 19 NY3d 961 [2012]). Finally, the sentence is not unduly harsh or severe. Present—Carni, J.P., Lindley, DeJoseph, Nemoyer and Troutman, JJ.