# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

365

KA 14-00499

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEREMY C. MAIER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (TIMOTHY J. GARVIN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 13, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, burglary in the first degree and criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]), burglary in the first degree (§ 140.30 [2]), and criminal trespass in the second degree (§ 140.15 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction with respect to burglary in the first degree and assault in the third degree inasmuch as defendant failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).

In particular, defendant contends that the evidence with respect to the burglary conviction is legally insufficient because the People did not establish that he entered the victim's dwelling with intent to commit a crime therein. " 'In order to secure a conviction for burglary, the People need only allege and prove a knowing and unlawful entry coupled with an intent to commit a crime therein. There is no requirement that the People allege or establish what particular crime was intended' " (*People v Lewis*, 5 NY3d 546, 552; *see People v James*, 114 AD3d 1202, 1204, *lv denied* 22 NY3d 1199). Additionally, "[a] defendant's intent to commit a crime 'may be inferred from the circumstances of the entry' " (*People v Sterina*, 108 AD3d 1088, 1090),

as well as " 'from defendant's actions and assertions when confronted' " (*People v Jamieson*, 88 AD3d 1298, 1299).  Here, contrary to defendant's contention, the People established that defendant intended to commit at least one of three crimes when he entered the victim's residence—i.e., assault in the first degree (Penal Law § 120.10), assault in the third degree (§ 120.00), or menacing in the third degree (§ 120.15)—as demonstrated by the facts that defendant was armed with a knife when he entered the residence through a window, threatened to eject the victim from the residence, and immediately lunged at the victim from the windowsill, initiating a fight in which defendant punched the victim and tore out a handful of the victim's hair.

Viewing the evidence in light of the elements of burglary in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Moreover, inasmuch as " 'the evidence is legally sufficient to support defendant's conviction . . . , it cannot be said that defense counsel's failure to renew the motion for a trial order of dismissal constitutes ineffective assistance of counsel' " (*People v Kaminski*, 109 AD3d 1186, 1186-1187, *lv denied* 22 NY3d 1088; *see generally People v Caban*, 5 NY3d 143, 152).  Defendant's sentence is not unduly harsh or severe.  We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  June 10, 2016                      Frances E. Cafarell
                                             Clerk of the Court