# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**469**

**KA 14-01510**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

CURTIS BROWN, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 14, 2014. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree (three counts), sexual abuse in the second degree (three counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, three counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). The charges stemmed from defendant's sexual abuse of his daughter. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Contrary to defendant's contention, the trial testimony of the victim "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982), and we see no basis for disturbing the jury's credibility determinations in this case.

Defendant further contends that testimony on the People's direct case regarding certain answers he provided during a police interview constituted improper evidence of selective silence. We reject that contention inasmuch as the testimony established that defendant did not remain silent in response to police questioning (*cf. People v Williams*, 25 NY3d 185, 193; *People v Capers*, 94 AD3d 1475, 1476, *lv*

*denied* 19 NY3d 971).  Defendant's contention that the People improperly bolstered the victim's testimony by introducing evidence of her delayed disclosures of defendant's actions is not preserved for our review inasmuch as defendant did not object to that evidence at trial (*see* CPL 470.05 [2]; *People v Comerford*, 70 AD3d 1305, 1306), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that he was denied effective assistance of counsel.  Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant's attorney provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, defendant contends that the People failed to comply with the requirements of CPL 400.15 in sentencing him as a second violent felony offender and thus, that the sentence is illegal.  We conclude that defendant's contention, which is actually a challenge to the adequacy of the procedures that County Court used in sentencing him rather than to the legality of the sentence, is not preserved for our review (*see People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931; *cf. People v Samms*, 95 NY2d 52, 58).  In any event, the record establishes that, prior to sentencing, both defendant and defense counsel received and signed a copy of the second felony offender statement and, at sentencing, the court asked defendant whether there was "[a]nything . . . you want to say before I pronounce sentence." We therefore conclude that "there was substantial compliance with CPL 400.15 in this case . . . inasmuch as both defendant and defense counsel 'received adequate notice and an opportunity to be heard with respect to the prior conviction' " (*People v Myers*, 52 AD3d 1229, 1230; *see People v Hall*, 82 AD3d 1619, 1620, *lv denied* 16 NY3d 895).

Entered:  June 17, 2016                        Frances E. Cafarell
                                               Clerk of the Court