# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1049**
**KA 13-02163**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

WILLIE BROWN, JR., DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 4, 2013.  The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]).  Defendant's conviction arose from an incident in which he cut the victim's face after the victim failed to pay defendant $15 allegedly owed in connection with a drug transaction. Contrary to defendant's contention, County Court did not err in permitting the victim to testify with respect to the nature of the debt inasmuch as the court, in engaging in the requisite two-part inquiry, properly determined that the evidence was material with respect to the relationship of the parties and motive and that the probative value of the evidence outweighed its prejudicial effect (*see generally People v Cass*, 18 NY3d 553, 560).  In any event, following the court's curative instruction, "defense counsel neither objected further nor requested a mistrial, and thus . . . the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Elian*, 129 AD3d 1635, 1636, *lv denied* 26 NY3d 1087 [internal quotation marks omitted]).

We reject defendant's further contention that the court erred in denying his *Batson* objections to the prosecutor's exercise of peremptory challenges for two prospective jurors.  We note at the outset that defendant concedes that the court did not err in denying his *Batson* objection with respect to the exercise of a peremptory

challenge for a third prospective juror.  With respect to the first prospective juror, the prosecutor explained that the prospective juror failed to disclose that she knew someone who had been convicted of a crime, i.e., her uncle; that some of her answers led the prosecutor to believe that she would not be fair to the victim; and that she knew the Chief of the Syracuse Police Department, who had well-publicized disputes with the District Attorney.  The court's credibility determinations with respect to *Batson* objections are entitled to great deference (*see People v Luciano*, 10 NY3d 499, 505), and we will not disturb the court's determination that the prosecutor provided race-neutral explanations for the peremptory challenge.  With respect to the second prospective juror, we conclude that the court properly determined that the prosecutor provided a race-neutral explanation for the challenge by explaining that the prospective juror had previously worked with troubled young adults, which might cause her to be biased toward defendant (*see People v Holloway*, 71 AD3d 1486, 1487, *lv denied* 15 NY3d 774).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).  Contrary to defendant's contention, the testimony of the victim and his girlfriend, who was an eyewitness, was not incredible as a matter of law (*see People v Hailey*, 128 AD3d 1415, 1417, *lv denied* 26 NY3d 929).  Moreover, the jury was entitled to credit the testimony of the victim and his girlfriend that they had a long-standing relationship with defendant and that defendant went to the victim's home and cut his face after he failed to pay defendant $15, while rejecting the testimony of defense witnesses that defendant did not know the victim well and that he was not in the vicinity of the victim's home at the time of the crime.  We perceive no basis to disturb the jury's credibility determinations (*see People v Brown*, 140 AD3d 1740, 1740).

The sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court