# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**295**
**KA 13-00427**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIE J. HUITT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered February 14, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We reject defendant's contention that County Court erred in denying his motion to set aside the verdict pursuant to CPL 330.30. The issues raised in that motion are based upon facts outside the record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Miller*, 68 AD3d 1135, 1135, *lv denied* 14 NY3d 803; *see also People v Evans*, 137 AD3d 1683, 1683-1684, *lv denied* 27 NY3d 1131).

Contrary to defendant's further contention, the court did not abuse its discretion in denying his motion for a mistrial after the jury sent out a second note that it was unable to come to a unanimous verdict. The jury had been deliberating for only about two days when the court received the second note, and nothing in that note "was indicative of a 'hopeless deadlock' " (*People v Hardy*, 26 NY3d 245, 252). Moreover, we conclude that nothing about the second *Allen* charge issued by the court was coercive. Indeed, "[t]he court's *Allen* charges were appropriately balanced and informed the jurors that they did not have to reach a verdict and that none of them should surrender a conscientiously held position in order to reach a unanimous verdict" (*id.* at 252). Additionally, we reject defendant's contention that the court abused its discretion in denying his motion for a mistrial,

which defendant sought in light of the upcoming Thanksgiving holiday, inasmuch as there is nothing in the record to indicate that the holiday had any impact on the jury deliberations (*see generally People v Michael*, 48 NY2d 1, 9-10).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Brown*, 120 AD3d 1545, 1546, *lv denied* 24 NY3d 1082). In any event, we conclude that the evidence is legally sufficient to establish that defendant committed the crimes charged. The People presented the testimony of an eyewitness who observed defendant fire a handgun at the victim, as well as testimony establishing that the handgun used in the crime was recovered and operable (*see generally People v Hailey*, 128 AD3d 1415, 1416, *lv denied* 26 NY3d 929; *People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We see no reason to disturb the credibility determinations of the jury (*see People v Brown*, 145 AD3d 1483, 1484; *People v Lawrence*, 141 AD3d 1079, 1082, *lv denied* 28 NY3d 1029).

"By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the ruling constitutes an abuse of discretion" (*People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968), and we decline to exercise our power as a matter of discretion in the interest of justice to address that contention (*see* CPL 470.15 [6] [a]). We likewise decline to exercise our power as a matter of discretion in the interest of justice to vacate defendant's conviction with respect to one of the counts for criminal possession of a weapon in the second degree (*see* CPL 470.15 [3] [c]; *see generally People v Carter*, 63 NY2d 530, 536; *People v White*, 75 AD3d 109, 125-126, *lv denied* 15 NY3d 758).

Finally, the sentence is not unduly harsh or severe.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court