People v Jenkins (2018 NY Slip Op 01781)





People v Jenkins


2018 NY Slip Op 01781


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


298 KA 16-00849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EMMANUEL L. JENKINS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered April 26, 2016. The judgment convicted defendant, upon his plea of guilty, of predatory sexual assault (three counts), aggravated sexual abuse in the third degree (two counts), rape in the first degree and criminal sexual act in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of predatory sexual assault (Penal Law § 130.95 [2]) and one count of rape in the first degree (§ 130.35 [1]). We reject his contention that Supreme Court erred in refusing to suppress his statements to the police. The evidence presented at the suppression hearing, which included a video recording of the police interrogation at issue, demonstrated that defendant was informed of his Miranda rights, that he understood those rights, and that he was not under duress or undue influence when he made the challenged statements (see People v DeAngelo, 136 AD3d 1119, 1120 [3d Dept 2016]; see also People v Rodwell, 122 AD3d 1065, 1067 [3d Dept 2014], lv denied 25 NY3d 1170 [2015]). The tactics used by the police during the interrogation "did not overbear defendant's will or create a substantial risk that he would falsely incriminate himself" (People v Tompkins, 107 AD3d 1037, 1040 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]). Thus, we conclude that the People established that defendant validly waived his Miranda rights (see generally People v Knapp, 124 AD3d 36, 41 [4th Dept 2014]).
Defendant did not object to the court's ultimate Sandoval ruling, and thus he failed to preserve for our review his contention that the court's ruling constitutes an abuse of discretion (see People v Huitt, 149 AD3d 1481, 1482 [4th Dept 2017], lv denied 30 NY3d 950 [2017]). Defendant also failed to preserve for our review his contention that the photo array identification was unduly suggestive because he failed to raise at the Wade hearing the specific grounds that he now raises on appeal (see People v Evans, 137 AD3d 1683, 1683 [4th Dept 2016], lv denied 27 NY3d 1131 [2016]). In any event, those contentions lack merit. Finally, the sentence is not unduly harsh or severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court