People v Mercado-Ramos (2018 NY Slip Op 03247)





People v Mercado-ramos


2018 NY Slip Op 03247


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


270 KA 16-00627

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDGARDO J. MERCADO-RAMOS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 2, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, criminal possession of a weapon in the third degree and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law
§ 140.30 [3]), criminal possession of a weapon in the third degree
(§ 265.02 [1]) and criminal contempt in the first degree (§ 215.51 [b] [v]). We reject defendant's contention that the evidence is legally insufficient to support the conviction of burglary in the first degree on the ground that the People did not establish that he entered the victim's house with intent to commit a crime therein (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[A] defendant's intent to commit a crime may be inferred from the circumstances of the entry . . . , as well as from defendant's actions and assertions when confronted" (People v Maier, 140 AD3d 1603, 1603-1604 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]). Here, we conclude that there is legally sufficient evidence from which the jury could infer defendant's intent to commit a crime inside the dwelling, including, inter alia, his unauthorized entry through a window while armed with mace and a machete and his violent conduct toward the victim shortly after being confronted inside the dwelling (see People v Pendarvis, 143 AD3d 1275, 1275 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; see also People v Rivera, 41 AD3d 1237, 1238 [4th Dept 2007], lv denied 10 NY3d 939 [2008]). We reject defendant's further contention that the evidence of his intoxication negated the element of intent for the crimes of which he was convicted (see People v Madore, 145 AD3d 1440, 1440 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]; People v Jackson, 269 AD2d 867, 867 [4th Dept 2000], lv denied 95 NY2d 798 [2000]). Viewing the evidence in light of the elements of the crime of burglary in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict finding defendant guilty of that crime is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's further contention that Supreme Court abused its discretion in denying his motions for a mistrial during jury deliberations. To the extent that defendant contends that the court should have granted his motions for a mistrial with respect to all three counts of the indictment, we reject that contention inasmuch as his motions were made after the jury indicated that it had reached a verdict on one of the counts (see CPL 310.70 [1] [a], [b]; People v Rivera, 15 NY3d 207, 210-211 [2010]). We also reject defendant's contention to the extent that he contends that the court erred in denying his motions with respect to the two counts on which the jury had not yet reached a verdict. On two occasions when the deliberating jury sent notes indicating that it was unable to reach a unanimous verdict on two of the counts, the [*2]court responded appropriately by providing a full Allen charge and instructing the jury to continue deliberating (see People v Hardy, 26 NY3d 245, 251-252 [2015]; People v Huitt, 149 AD3d 1481, 1481 [4th Dept 2017], lv denied 30 NY3d 950 [2017]). " [A]t each of the two junctures the circumstances indicated that further deliberations might be fruitful,' and neither of the jury's notes was indicative of a hopeless deadlock' " (Hardy, 26 NY3d at 252). The jury had been deliberating for less than two days and had successfully reached a verdict on one of the counts. Moreover, nothing about the Allen charge issued by the court was coercive (see Huitt, 149 AD3d at 1481-1482; People v Arguinzoni, 48 AD3d 1239, 1242 [4th Dept 2008], lv denied 10 NY3d 859 [2008]; cf. People v Aponte, 2 NY3d 304, 308-309 [2004]).
Defendant failed to preserve for our review his further contention that he was denied a fair trial based upon misconduct by the prosecutor during summation. Defendant's objections to the prosecutor's comments "were sustained without any request for a curative instruction and the court is thus deemed to have corrected any error to defendant's satisfaction" (People v Ennis, 107 AD3d 1617, 1620 [4th Dept 2013], lv denied 22 NY3d 1040 [2013], reconsideration denied 23 NY3d 1036 [2014]). In any event, the comments by the prosecutor were not so egregious as to deny defendant a fair trial (see People v Dizak, 93 AD3d 1182, 1184 [4th Dept 2012], lv denied 19 NY3d 972 [2012], reconsideration denied 20 NY3d 932 [2012]), and any potential prejudice to defendant was alleviated by the court's rulings and instructions (see People v Flowers, 151 AD3d 1843, 1844 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]), which the jury is presumed to have followed (see People v Allen, 78 AD3d 1521, 1521 [4th Dept 2010], lv denied 16 NY3d 827 [2011]). Finally,
defendant's sentence is not unduly harsh or severe.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court