People v McClary (2018 NY Slip Op 04224)





People v Mcclary


2018 NY Slip Op 04224


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


731 KA 15-01655

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY D. MCCLARY, DEFENDANT-APPELLANT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.
ANTHONY D. MCCLARY, DEFENDANT-APPELLANT PRO SE.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (GEORGE R. SHAFFER, III, OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 24, 2015. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (five counts), criminally using drug paraphernalia in the second degree (three counts) and perjury in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and five counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve his contention for our review, inasmuch as he made only a general motion for a trial order of dismissal with respect to all but one count (see People v Gray, 86 NY2d 10, 19 [1995]) and, with respect to that one count, he failed to renew his motion after presenting evidence (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; People v Huitt, 149 AD3d 1481, 1482 [4th Dept 2017], lv denied 30 NY3d 950 [2017]). We note, however, that " we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298-1299 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that County Court improperly penalized him for exercising his right to a jury trial when it imposed a sentence greater than that offered during plea negotiations (see People v Jackson, 159 AD3d 1372, 1373 [4th Dept 2018]), and defendant concedes that he failed to preserve for our review his contention concerning prosecutorial misconduct on summation. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant's contention that he received ineffective assistance of counsel is based on matters outside the record on appeal, his contention must be raised by way of a motion pursuant to CPL article 440 (see generally People v Johnson, 81 AD3d 1428, 1428 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). To the extent that we are able to review the remaining instances of alleged ineffective assistance on the record before us, we conclude that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence imposed is not unduly harsh or severe.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court