People v Bailey (2020 NY Slip Op 01744)





People v Bailey


2020 NY Slip Op 01744


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


123 KA 18-00860

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LERON BAILEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 6, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's conviction stems from two incidents. In the first incident, he possessed a loaded firearm and fired shots in the air. That incident was witnessed by a former neighbor of defendant. In the second incident, which occurred 10 months later, defendant fired shots at a person who was sitting in the driver's seat of a parked vehicle (victim) and who was familiar with defendant. One bullet struck the victim, injuring him, and another bullet struck a backseat passenger, killing her.
We reject defendant's contention that Supreme Court erred in refusing to suppress the identifications of defendant made by the witness to the first incident and the victim of the second incident. The first photo array identification procedure completed with the witness to the first incident was not in any way suggestive, and she immediately identified defendant as the perpetrator. The second photo array identification procedure completed with that witness occurred during her grand jury testimony, and we conclude that the witness's identification of defendant from the second photo array, which was identical to the first photo array, was merely confirmatory of her first identification (see People v Walden, 37 AD3d 1067, 1067 [4th Dept 2007], lv denied 8 NY3d 992 [2007]; People v Floyd, 135 AD2d 650, 650 [2d Dept 1987], lv denied 70 NY2d 1006 [1988]). Two photo array identification procedures were also conducted with the victim of the second incident. We conclude that any taint from the first identification procedure was attenuated by, inter alia, the passage of six months between the first and second identification procedures (see People v Prindle, 63 AD3d 1597, 1598 [4th Dept 2009], mod on other grounds 16 NY3d 768 [2011]; People v Molson, 89 AD3d 1539, 1540 [4th Dept 2011], lv denied 18 NY3d 960 [2012]; see generally People v Dickerson, 66 AD3d 1371, 1372 [4th Dept 2009], lv denied 13 NY3d 859 [2009]).
We reject defendant's contention that the evidence is legally insufficient to establish his identity as the shooter in the second incident (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim of that incident identified defendant as the shooter, and the victim's testimony was not incredible as a matter of law (see People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010], lv denied 17 NY3d 798 [2011]). We further conclude that, viewing the evidence in light of the elements of the crimes arising from that incident as charged to the [*2]jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator of those crimes. In addition to the testimony of the victim, there was testimony that the gun used in the first shooting, in which defendant was identified as the perpetrator by his former neighbor, was the same gun used in the second shooting. In addition, the shooter in the second incident was seen fleeing in a getaway vehicle that was identified by witnesses, which led to discovery of the identity of the driver of that vehicle. The evidence established that the driver and defendant had exchanged several phone calls immediately before the shooting. Moreover, defendant's DNA could not be excluded from a mixture of DNA recovered from the exterior passenger door handle of that vehicle and a cup from inside the vehicle.
Next, defendant contends that he was denied effective assistance of counsel. Defense counsel's concession that defendant committed the first incident was a matter of strategy given the strength of the eyewitness identification and was an attempt to show that defendant was not guilty of the more serious murder and attempted murder counts (see People v Jenkins, 90 AD3d 1326, 1330 [3d Dept 2011], lv denied 18 NY3d 958 [2012]). Defense counsel's admission to other bad conduct by defendant was also a matter of trial strategy (see generally People v Benevento, 91 NY2d 708, 712 [1998]). Defense counsel's failure to request a charge of the lesser included offense of reckless manslaughter does not constitute ineffective assistance. Viewing the evidence in the light most favorable to defendant (see People v Martin, 59 NY2d 704, 705 [1983]), we conclude that there was no reasonable view of the evidence that defendant engaged in reckless rather than intentional conduct when he fired several shots at close range toward the victim (see People v Seeler, 63 AD3d 1595, 1596 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; see generally People v Glover, 57 NY2d 61, 63 [1982]). The fact that one of his shots missed the target and struck the backseat passenger does not show that defendant's conduct was reckless and not intentional. Thus, defense counsel was not ineffective for failing to request that lesser included charge inasmuch as such a request would have had little or no chance of success (see People v Henley, 145 AD3d 1578, 1580 [4th Dept 2016], lv denied 29 NY3d 998 [2017], reconsideration denied 29 NY3d 1080 [2017]; People v Elian, 129 AD3d 1635, 1636 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]).
Defendant also contends that he was denied a fair trial by prosecutorial misconduct. Defendant objected to only one instance of alleged error by the prosecutor, thereby rendering the remaining instances unpreserved for our review (see People v Young, 153 AD3d 1618, 1620 [4th Dept 2017], lv denied 30 NY3d 1065 [2017], reconsideration denied 31 NY3d 1123 [2018], cert denied — US &mdash, 139
S Ct 84 [2018]). In any event, we reject defendant's contention with respect to two unpreserved instances in which the prosecutor was alleged to have improperly vouched for the quality of the evidence. Rather, the prosecutor was making fair comment on the evidence and responding to defense counsel's summation (see People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]). We further reject defendant's contention with respect to one unpreserved and one preserved instance in which the prosecutor was alleged to have improperly shifted the burden of proof. Again, those statements were fair comment on the evidence and fair response to defense counsel's summation (see id.).
Defendant's contention that the sentence constitutes cruel and unusual punishment is not preserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]). Likewise, his contention that he was penalized for exercising his right to a trial is also not preserved for our review (see People v McCullough, 128 AD3d 1510, 1512 [4th Dept 2015], lv denied 26 NY3d 1010 [2015]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, considering defendant's extensive criminal history and the nature of the offenses, we conclude that the sentence is not unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court