People v McClendon (2024 NY Slip Op 03260)

People v Mcclendon

2024 NY Slip Op 03260

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

233 KA 22-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM MCCLENDON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MCCLENDON, DEFENDANT-APPELLANT PRO SE. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 31, 2022. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count 3 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). Initially, defendant's contention in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction is unpreserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the jury's verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree, however, with defendant's contention in his main and pro se supplemental briefs that he received ineffective assistance of counsel because defense counsel failed to seek a tailored jury instruction on the burglary count limited to the theory alleged by the People in the indictment. We therefore reverse the judgment of conviction and grant a new trial on count 3 of the indictment.
"What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (People v Baldi, 54 NY2d 137, 146 [1981]; see People v Benevento, 91 NY2d 708, 712 [1998]). "The core of the inquiry is whether defendant received 'meaningful representation' " (Benevento, 91 NY2d at 712), and "it is incumbent on [a] defendant [alleging ineffective assistance of counsel] to demonstrate the absence of strategic or other legitimate explanations for defense counsel's allegedly deficient conduct" (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013] [internal quotation marks omitted]). A single error may qualify as ineffective assistance only if it is "sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Baker, 14 NY3d 266, 270 [2010] [internal quotation marks omitted]).
This case arises from domestic disputes between defendant and his ex-girlfriend. Count 3 [*2]of the indictment, charging burglary in the second degree, provided, in relevant part, that defendant, at a specific date and approximate time, "knowingly entered or remained unlawfully in . . . the dwelling of [the victim] with intent to commit a crime therein, to wit: the defendant entered and remained unlawfully within the dwelling of the victim and held a knife to the victim's throat."
At trial, the People called the victim, who testified that defendant entered her apartment without permission, came up behind her, put his arm around her neck, and "had a knife." The victim stated that she knocked the knife out of defendant's hand and went to a neighbor's apartment and that, once defendant had vacated her apartment, she went back there and locked the door. The victim further testified that defendant returned about 20 minutes later and began climbing into her apartment through a window, that she ran to the neighbor's apartment and that defendant chased after her. The victim added that defendant then entered her apartment again and that when she returned defendant was aggressive. Defendant also testified at his trial, and he denied much of the victim's account, including that he had possessed a knife. The jury found defendant guilty of burglary in the second degree, but found him not guilty on all other counts, including criminal possession of a weapon in the third degree and menacing in the second degree.
In its charge to the jury on count 3, County Court made no mention of the People's theory of the crime as limited by the indictment. The court charged, with respect to the intent element, that the People must prove beyond a reasonable doubt that defendant entered or remained in the building "with the intent to commit a crime inside the building," without specifying the intended crime. Defense counsel did not seek a tailored instruction limited to the theory in the indictment.
"There is no requirement that the People allege or establish what particular crime was intended," to secure a conviction for burglary (People v James, 114 AD3d 1202, 1204 [4th Dept 2014], lv denied 22 NY3d 1199 [2014]; see People v Maier, 140 AD3d 1603, 1603 [4th Dept 2016], lv denied 28 NY3d 933 [2016]). However, "[i]f the People . . . expressly limit[ ] their theory of the 'intent to commit a crime therein' element to a particular crime, then they . . . have . . . to prove that the defendant intended to commit that crime" (James, 114 AD3d at 1204).
Here, defense counsel failed to seek an appropriately tailored instruction to the jury on burglary in the second degree or object to the burglary charge given. Defense counsel thereby permitted the jury to convict defendant upon a theory of the intent element that was not set forth in the indictment (see generally People v Graves, 136 AD3d 1347, 1348 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]). We conclude, under the circumstances of this case, that defense counsel's error was sufficiently egregious and prejudicial as to compromise defendant's right to a fair trial (see generally People v Rodriguez, 31 NY3d 1067, 1068 [2018]; People v McGee, 20 NY3d 513, 518 [2013]; Baker, 14 NY3d at 270).
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court